# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **EDWARD DANIEL RUSSAW,** } | |
| } | |
| Petitioner, } | |
| } | |
| v. } | Case No.: **2:16-cv-08146-RDP** |
| } | **(2:12-cr-00432-RDP-HGD)** |
| **UNITED STATES OF AMERICA,** } | |
| } | |
| Respondent. } | |

## MEMORANDUM OPINION

This case is before the court on Petitioner's' Motion to Vacate (Case No. 2:16-cv-8146-RDP ("Habeas Docket"), Doc. # 1), Petitioner's Addendum to 28 U.S.C. § 2255 (*Id.*, Doc. # 2), and Petitioner's Motion to Clarify Addendum to 28 U.S.C. § 2255 (*Id.*, Doc. # 3), all of which raise claims for relief under § 2255. The motions have been fully briefed (*see id.*, Docs. # 6, 9, 10, 19, 22), and they are ripe for decision.

**I.    Factual and Procedural Background**

In September 2012, a grand jury indicted Petitioner on three charges: (1) possessing crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); (2) using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Case No. 2:12-cr-432-RDP-HGD ("Criminal Docket"), Doc. # 1). In November 2012, Petitioner pled guilty to all three counts. (*Id.*, Doc. # 9 at 1). In the plea agreement, Petitioner waived certain rights to appeal and to post-conviction relief. (*Id.* at 7-8). On February 28, 2013, the court adjudged Petitioner guilty on all three counts, including "Possession of a

Firearm During and in Relation to a Drug Trafficking Crime," in violation of 18 U.S.C. § 924(c)(1)(A). (*Id.*, Doc. # 15 at 1). The court sentenced Petitioner to concurrent sentences of 72 months' imprisonment as to counts 1 and 3, and a consecutive sentence of 60 months' imprisonment as to count 2. (*Id.* at 2).

After his sentencing, in April 2013, Petitioner sent a letter to the court requesting a transfer from a state prison to a federal prison. (*Id.*, Doc. # 17). In September 2014, Petitioner moved for the appointment of counsel to pursue a sentence reduction under 18 U.S.C. § 3582. (*Id.*, Doc. # 18). In November 2014, Petitioner moved for a sentence reduction under § 3582. (*Id.*, Doc. # 19). The court denied that motion in November 2015. (*Id.*, Doc. # 23).

On February 23, 2016, Petitioner filed his initial § 2255 motion. (Habeas Docket, Doc. # 1 at 2). In this motion, Petitioner claims that his trial counsel rendered ineffective assistance by not advising him of his right to appeal. (*Id.* at 1). Petitioner avers that he "plainly evinced his intent to appeal immediately after the sentencing," but counsel never filed an appeal as instructed. (*Id.* at 1-2).

On April 20, 2016, Petitioner filed an addendum to his motion to vacate containing additional claims. (*Id.*, Doc. # 2 at 4). First, Petitioner asserts that his trial counsel failed to inform him of the prosecutor's willingness to drop a charge. (*Id.* at 1-2). Second, Petitioner claims that his trial counsel acted ineffectively by failing to raise an actual innocence defense under *Bailey v. United States*, 516 U.S. 137 (1995). (*Id.* at 2). Third, Petitioner argues that trial counsel should have obtained a psychological evaluation for him because he lacked the mental capacity to consult with his attorney or understand the nature of the proceedings against him. (*Id.* at 3). Finally, Petitioner claims that trial counsel should have argued for mitigation based on Petitioner's family circumstances. (*Id.* at 3-4).

On July 14, 2016, Petitioner submitted a second addendum to his § 2255 motion. (*Id.*, Doc. # 3 at 4). In this addendum, Petitioner claims that his § 924(c) conviction should be vacated because the statute's definition of a "crime of violence" is unconstitutionally vague in light of the Supreme Court's opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*Id.* at 3-4).

In September 2016, the court advised Petitioner that most of his § 2255 claims (except for the *Johnson* claim) appeared to be time-barred by the statute of limitations in 28 U.S.C. § 2255(f)(1). (*Id.*, Doc. # 5 at 1). The court also informed Petitioner that the limitations period could be subject to equitable tolling, but it found nothing in the record before it to justify such tolling. (*Id.* at 3-4). Accordingly, the court granted Petitioner an opportunity to explain why the non-*Johnson* claims in the motion to vacate were timely filed. (*Id.* at 4). In response, Petitioner argued for equitable tolling because his trial counsel discouraged him from filing an appeal, his trial counsel refused to accept calls from him, and he contends that he pursued his rights diligently in the face of counsel's ineffectiveness. (*Id.*, Doc. # 6 at 2-3).

**II.     Analysis**

After careful review, the court concludes that most of Petitioner's non-*Johnson* claims are time-barred, and his *Johnson* claim, although not time-barred, is meritless.

    **A.     All of Petitioner's Claims, Except for the *Johnson* Claim, Are Time-Barred**

Petitioner's motion to vacate is subject to a one-year statute of limitations, running from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The court determines the timeliness of a § 2255 motion on a claim-by-claim basis. *See Zack v. Tucker*, 704 F.3d 917, 918 (11th Cir. 2013) (*en banc*). Although not obligated to do so, the court is permitted to raise the timeliness of a § 2255 claim *sua sponte*, even after the pre-answer screening stage, provided that a petitioner is afforded an opportunity to respond before the motion is ultimately dismissed on such ground. *See Day v. McDonough*, 547 U.S. 198, 207-10 (2006) (establishing such a rule in the context of a district court's authority to raise the one-year statute of limitations in 28 U.S.C. § 2244(d) to bar a habeas petition filed by a state prisoner pursuant to 28 U.S.C. § 2254); *United States v. Bendolph*, 409 F.3d 155, 164-66 (3d Cir. 2005). In this case, the Government asserted the statute-of-limitations issue after the court informed Petitioner of the possible untimeliness of certain claims. (Habeas Docket, Doc. # 9 at 3-6).

The one-year limitations period for most of Petitioner's claims began to run on the date on which Petitioner's judgment of conviction became final.[1] 28 U.S.C. § 2255(f)(1); *see also Drury v. United States*, 507 F.3d 1295, 1296 (11th Cir. 2007). The court entered Petitioner's judgment of conviction on February 28, 2013. (Criminal Docket, Doc. # 15). Petitioner did not appeal. A federal criminal judgment that is not appealed becomes final for the purpose of § 2255 when the time for filing a direct appeal expires. *See, e.g.*, *Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011). Therefore, Petitioner's convictions became final on March 14, 2013, fourteen days after this court entered judgment. *See* Fed. R. App. P. 4(b)(1)(A).

---

[1] Again, the court has concluded that Petitioner's *Johnson* claim is timely under § 2255(f)(3).

Petitioner's initial motion to vacate was not filed until February 23, 2016, nearly three years after his convictions became final. (Habeas Docket, Doc. # 1 at 2). His first addendum was not filed until April 20, 2016. (*Id.*, Doc. # 2 at 4). Thus, the claims within those filings, except for the *Johnson* claim and the ineffective assistance claim concerning counsel's failure to file a direct appeal, are time-barred under § 2255(f)(1).

The one-year limitations period for Petitioner's claim that counsel failed to file a requested direct appeal is analyzed under 28 U.S.C. § 2255(f)(4), and it begins to run when he discovered, "through the exercise of due diligence, that counsel did not file the requested appeal."[2] *Long v. United States*, 626 F.3d 1167, 1169 (11th Cir. 2010). The court first must determine whether Petitioner exercised due diligence to discover the facts underlying his ineffective assistance claim. *Tucker v. United States*, 249 F. App'x 763, 764 (11th Cir. 2007). In order to take advantage of the delayed commencement of the limitations period under § 2255(f)(4), Petitioner faces the burden of alleging facts demonstrating his due diligence in discovering the facts underlying his claim. *Melson v. Allen*, 548 F.3d 993, 999 (11th Cir. 2008) (addressing the corresponding provision applicable to § 2254 habeas petitions, 28 U.S.C. § 2244(d)(1)(D)), *cert. granted on other grounds, vacated, remanded*, 561 U.S. 1001 (2010), *appeal after remand*, 713 F.3d 1086 (11th Cir. 2013). "Due diligence [ ] does not require a

---

[2] Alongside his claim that counsel failed to file a requested appeal, Petitioner also alleges that counsel rendered ineffective assistance by failing to advise him of his right to appeal. (Habeas Docket, Doc. # 1 at 1). This latter claim is distinct from the claim concerning counsel's failure to file a notice of appeal. If the relevant statute of limitations for the claim is provided by § 2255(f)(1), then the claim clearly is time-barred because it was not filed until nearly three years after Petitioner's conviction became final. If the relevant statute of limitations for the claim is provided by § 2255(f)(4), then it appears from the record that Petitioner was aware of his attorney's failure to notify him of his appeal rights when he asked for an appeal to be filed and counsel allegedly warned him that he could face more jail time if he went through with an appeal. (Habeas Docket, Doc. # 6 at 1-2). Petitioner has not specified when this conversation occurred, but it must have occurred before the court entered Petitioner's judgment because Petitioner has averred that his trial counsel refused to communicate with him after sentencing. (*Id.* at 2). Again, the court entered Petitioner's judgment nearly three years prior to his commencement of this motion to vacate. As such, Petitioner's ineffective assistance claim concerning counsel's failure to advise him of his right to appeal is untimely under § 2255(f)(4) as well because his averments in the record indicate that he knew the factual predicate for the claim more than one year before filing the motion to vacate.

5

prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts. Moreover, the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system." *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002) (internal quotation marks omitted). "If the court finds that a petitioner was not diligent in his efforts, it must proceed to consider when the petitioner could have discovered the facts essential to his claim had he been acting diligently." *Tucker*, 249 F. App'x at 764.

As an initial matter, the court finds that Petitioner failed to exercise due diligence to determine whether his appointed counsel filed a direct appeal. Petitioner summarily avers that he attempted to contact his trial counsel after sentencing, but has provided no details as to when he attempted to communicate with counsel or how many times he tried to contact counsel. (*See* Habeas Docket, Doc. # 6 at 2). Petitioner's summary assertion that he has pursued his rights diligently is insufficient to establish due diligence because he has not described the efforts he undertook to pursue his appeal and motion to vacate. (*See id.* at 3). Indeed, a review of Petitioner's criminal docket reflects that he never asked the court whether a notice of appeal had been filed, even though he sent letters and motions to the court concerning other matters. (*See generally* Criminal Docket). If Petitioner had asked this court whether a notice of appeal had been filed, the court could readily have sent him a copy of the docket and he would have promptly discovered the lack of an appeal. Moreover, Petitioner has not informed the court precisely when he discovered that his counsel had not filed a notice of appeal. *See Badillo v. United States*, No. 2:11cv354-MEF, 2013 WL 2297172, at *3 (M.D. Ala. May 24, 2013) (relying on this omission as a factor weighing against a petitioner's claim that he acted with due

diligence). Accordingly, the court finds that Petitioner did not exercise due diligence to determine the factual predicate for his ineffective assistance claim. *Tucker*, 249 F. App'x at 764.

Moreover, the court finds that Petitioner could have discovered the lack of an appeal within three months of the criminal judgment if he had exercised due diligence. This fact is a matter of public record. *Anjulo-Lopez v. United States*, 541 F.3d 814, 819 (8th Cir. 2008). Thus, it could have been discovered any time after the fourteen-day deadline for filing a notice of appeal passed. *Id.* Petitioner has not alleged any circumstances he faced during incarceration that prevented him from contacting the court.[3] In one case, a court in the Eleventh Circuit concluded that a diligent prisoner could have discovered counsel's failure to pursue an appeal within sixty-two days. *United States v. Thomas*, No. 4:01cr69-SPM/AK, 2007 WL 624538, at *5 (N.D. Fla. Feb. 22, 2007). In another case, this court found that a prisoner should have discovered counsel's failure to file a notice of appeal within 80 days of the date on which it was due if he had exercised due diligence. *Thomas v. United States*, 2:11-CV-08019-RDP-JE, 2014 WL 4715861, at *7 (N.D. Ala. Sept. 22, 2014). Because Petitioner has not identified any circumstances that would have prevented him from contacting this court or the United States Court of Appeals for the Eleventh Circuit to inquire about the status of a direct appeal, the court finds that he could have discovered counsel's failure to file a notice of appeal, at the latest, by May 28, 2013. Because Petitioner did not file his ineffective assistance claim regarding trial counsel's failure to appeal until February 2016 (Habeas Docket, Doc. #1), the claim is untimely under § 2255(f)(4) and, thus, due to be dismissed. *Cf. Long*, 626 F.3d at 1169.

---

[3] The court recognizes that Petitioner's confinement prevented him from contacting trial counsel by telephone because counsel refused to accept his collect phone calls. (Habeas Docket, Doc. # 6 at 2). Notably, that did not prevent Petitioner from contacting his trial counsel by letter, and Petitioner has not claimed that he tried that method of communication.

7

Petitioner seeks equitable tolling of the statute of limitations.[4] (Habeas Docket, Doc. # 6 at 3). To be sure, such a limitations period is subject to equitable tolling, but only if a petitioner can establish that he "untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007) (quoting *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)). Equitable tolling is a remedy that "is sparingly applied," and a petitioner bears the burden of establishing the existence of both extraordinary circumstances and his due diligence. *Williams v. United States*, 491 F.3d 1282, 1284-85 (11th Cir. 2007). A petitioner's conclusory allegations, standing alone, are insufficient to justify equitable tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011).

Petitioner has not alleged extraordinary circumstances justifying equitable tolling or his due diligence in pursuing the claims currently before the court. Petitioner argues that the ineffective assistance afforded to him by his trial counsel justifies equitable tolling. (Habeas Docket, Doc. # 6 at 3). The court is not convinced. "While serious attorney misconduct, including acts of gross negligence and acts of outright willful deceit, can constitute 'extraordinary circumstances' which would justify equitable tolling," Petitioner has not shown that his trial counsel committed gross negligence or willful deceit. *Mayhew v. United States*, No. 16-072-CG-B, 2017 WL 4128873, at *5 (S.D. Ala. Aug. 25, 2017) (denying an equitable tolling claim based on an attorney's failure to respond to communications). Rather, the ineffective assistance alleged by Petitioner is best classified as garden variety negligence. Moreover, even if Petitioner had alleged extraordinary circumstances to justify equitable tolling (and, to be clear,

---

[4] Petitioner has not argued that a fundamental miscarriage of justice occurred that would justify the court considering an untimely petition for federal habeas relief. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013). Accordingly, the court concludes that Petitioner has abandoned any argument that a fundamental miscarriage of justice occurred.

he has not), Petitioner's conclusory assertion that he has diligently pursued his rights is insufficient to justify equitable tolling. *San Martin*, 633 F.3d at 1268. Petitioner has offered no evidence of his diligent pursuit of the ineffective assistance claims presented to the court. Accordingly, Petitioner's request for equitable tolling is due to be denied.

### B. Petitioner's *Johnson* Claim is Meritless

Petitioner argues that his 18 U.S.C. § 924(c) conviction should be vacated because the definition for a "crime of violence" in § 924(c)(3) contains similar language to the residual clause located in 18 U.S.C. § 924(e)(2)(B). (Habeas Docket, Doc. # 3 at 3). The Government responds that the claim is procedurally defaulted because Petitioner never raised it on direct appeal. (*Id.*, Doc. # 9 at 7). Moreover, it argues that *Johnson*'s holding has no effect on Petitioner's conviction because he was convicted of possessing a firearm in furtherance of a drug trafficking crime. (*Id.* at 8). The court agrees with the Government that Petitioner's *Johnson* claim is meritless.

Petitioner's judgment clearly states that he was convicted of possessing a firearm during and in relation to a drug trafficking crime. (Criminal Docket, Doc. # 15 at 1). Petitioner is not entitled to relief under *Johnson* because that opinion had no effect on the definition of a drug trafficking crime in 18 U.S.C. § 924(c)(2). *In re Baptiste*, 828 F.3d 1337, 1338, 1341 (11th Cir. 2016). Accordingly, his *Johnson* claim is due to be denied on the merits.

Petitioner argues that the Supreme Court's recent opinion in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), supports his claim. It does not. In *Dimaya*, the Supreme Court addressed whether *Johnson*'s vagueness holding applies to the definition for a "crime of violence" in 18 U.S.C. § 16. *See* 138 S. Ct. at 1210-11. Nothing in *Dimaya* suggests that the definition of a "drug trafficking crime," which outlines specific offenses subject to classification as drug

9

trafficking crimes and contains no language analogous to the residual clause in § 924(e)(2)(B), is unconstitutionally vague. *See generally* 18 U.S.C. § 924(c)(2) (defining a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46"). Because the court finds that Petitioner's *Johnson* claim is due to be denied on the merits, it does not reach the Government's alternative procedural default argument.

### C. The Court Committed No Error in Denying Petitioner Appointed Counsel

Petitioner argues that he should have been appointed counsel to address the *Johnson* claim because other prisoners have received appointed counsel to pursue such claims. (Habeas Docket, Doc. # 22 at 3). The court disagrees.

When Petitioner initially requested the appointment of counsel, the court asked the Federal Public Defender whether it would agree to the appointment. (*Id.*, Doc. # 11). The Federal Public Defender responded that it could not represent Petitioner due to a conflict of interest, based on the ineffective assistance claims asserted in the motion to vacate. (*Id.*, Doc. # 12). Thereafter, the court carefully considered whether to appoint a CJA panel attorney to assist Petitioner in pursuing his *Johnson* claim. An initial review of Petitioner's *Johnson* claim, however, revealed it to be clearly meritless, as explained in the order denying Petitioner's initial request for appointed counsel. (*Id.*, Doc. # 15 at 2-3). Because Petitioner's *Johnson* claim clearly fell outside the Supreme Court's holding in *Johnson*, it did not present a novel or complex issue justifying the appointment of counsel in this civil matter. (*Id.* at 2). For the reasons stated in the court's earlier order, Petitioner was not (and is not) entitled to the appointment of counsel in this matter.

### D. Petitioner is Not Entitled to an Evidentiary Hearing

A petitioner under § 2255 is entitled to an evidentiary hearing if he alleges "reasonably specific, non-conclusory facts that, if true, would entitle him to relief." *Aron*, 291 F.3d at 715 n. 6. The court need not hold an evidentiary hearing if a petitioner's claims are "affirmatively contradicted by the record" or "patently frivolous." *Id.* In this case, an evidentiary hearing to resolve Petitioner's claims is unnecessary because the record demonstrates that they all are either time-barred or meritless.

### III. Conclusion

For the reasons explained above, all of Petitioner's claims, except for his *Johnson* claim, are due to be dismissed as time-barred. Petitioner's *Johnson* claim is due to be denied as meritless. An Opinion consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this May 23, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE